1  LAW OFFICES OF THOMAS D. MAURIELLO
   THOMAS D. MAURIELLO  (SBN 144811)
2  209 Avenida Fabricante, Suite 125
   San Clemente, CA 92672
3  Telephone: (949) 542-3555
   Facsimile: (949) 606-9690
4  tomm@maurlaw.com

5  (Additional counsel appear on signature page)
   Attorneys for Plaintiff
6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10 BRIAN J. WOLIN, On Behalf          :    CASE NO. **8:07-cv-0627-AG-RNB**
   of Himself and All Others Similarly :
11 Situated,                          :
                                      :    **PLAINTIFF'S MEMORANDUM**
12                      Plaintiff,     :    **OF POINTS AND AUTHORITIES**
                                      :    **IN RESPONSE TO**
13         vs.                        :    **DEFENDANT'S SUR-REPLY**
                                      :    **IN OPPOSITION TO MOTION**
14 LAND ROVER NORTH                   :    **FOR CLASS CERTIFICATION**
   AMERICA, INC.,                     :
15                                    :
                        Defendant.    :    **Date:   June 23, 2008**
16                                    :    **Time:  10:00 a.m.**
                                      :    **Judge: Hon. Andrew J. Guilford**
17                                    :    **Courtroom:   10D**
                                      :
18 _____ :

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  Wozniak Has Not Presented Contradictory Testimony
       And His Conclusions Are Sound  . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.  The Existence Of A Uniform Vehicle Defect Makes
       Plaintiff's Claims Particularly Well Suited For Certification . . . . . . . 5

    C.  The Court Has Not Been Misled Regarding The Import Of
       Certain Land Rover Documents . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## Federal Cases

*Bishop v. Saab Automobile A.B.*,
1996 WL 33140020 (C.D.Cal. Feb.16, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Frosini v. Bridgestone Firestone North American Tire, LLC*,
2007 WL 2781656 (C.D.Cal. August 24, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Bridgestone/Firestone, Inc.*,
155 F.Supp.2d 1069 (S.D. Ind. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jones v. Shalala*,
64 F.3d 510 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Negrete v. Allianz Life Ins. Co of N.Am.*,
238 F.R.D. 482 (C.D.Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Samuel Bassett v. Kia Motors America, Inc.*,
212 F.R.D. 271 (E.D.Pa. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

## State Cases

*American Suzuki Motor Corp. v. Superior Court*,
37 Cal.App.4th 1291 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Feinstein v. Firestone Tire & Rubber Co.*,
535 F.Supp. 595 (S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hicks v. Kauffman*,
89 Cal.App.4th 908 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Isip v. Mercedes-Benz USA, LLC*,
65 Cal.Rptr.3d 695 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lockheed Martin Corp. v. Superior Court*,
29 Cal. 4th 1096 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CASE NO. 8:07-cv-0627-AG-RNB

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN RESPONSE TO DEFENDANT'S
SUR-REPLY IN OPPOSITION TO MOTION FOR
CLASS CERTIFICATION                                    -ii-

1

## I.    <u>INTRODUCTION</u>

Plaintiff, Brian J. Wolin ("Plaintiff" or "Wolin"), respectfully submits this Memorandum of Points and Authorities in Response to the Sur-Reply in Opposition to Motion for Class Certification submitted by Defendant, Land Rover North America, Inc. ("Land Rover" or "Defendant").  Land Rover's Sur-Reply constitutes nothing more than a desperate and futile attempt by Land Rover to avoid class certification and does not provide any legitimate basis to deny Plaintiff's Motion for Class Certification ("Motion").  The Court should not be taken in my Land Rover's increasing willingness to take liberties with the facts of record and applicable law in an effort to avoid class certification.  Based upon the facts of record and under applicable law, there is no question that Plaintiff has met his burden of establishing that class certification is appropriate in this case.

## II.    <u>SUMMARY OF ARGUMENT</u>

Land Rover's Sur-Reply is, in a word, unfortunate.  In a transparent attempt to avoid class certification, Land Rover, and its expert, have now taken entirely unprincipled positions that are not supported by the record evidence.  Fortunately, despite its best efforts, Land Rover can "run," but it cannot "hide," from the plain meaning of its own documents and the acknowledged uniform defect with the model year 2005 and 2006 Land Rover LR3 automobiles ("Vehicles" or "LR3s") at issue in this case.

Land Rover's Sur-Reply seeks to discredit Plaintiff's Motion by (1) falsely suggesting that Plaintiff's expert, Robert Wozniak ("Wozniak"), contradicted previous testimony regarding certain tire wear and that his rebuttal declaration somehow lacks scientific integrity -- even though Wozniak's conclusions are consistent with Land Rover's own conclusions (while admittedly contrary to the uninformed conclusions reached by Defendant's expert); (2) incorrectly arguing

that the law does not support certification and that an acknowledged defect must manifest itself in every Vehicle for certification to be appropriate; and (3) brazenly and irresponsibly accusing Plaintiff's counsel of misleading the Court when they most clearly did not.[1]

In sum, Land Rover's tactics are clear.  Plaintiff has presented to this Court overwhelming evidence that (1) Land Rover acknowledged a uniform defect with the Vehicles causing premature and uneven tire wear, (2) Land Rover acknowledged that the tire wear should have been covered by its warranty, and (3) Land Rover elected not to provide complete coverage under the warranty for the sole purpose of avoiding the attendant cost of complying with the warranty obligation.  In the face of this irrefutable evidence, Land Rover has purposefully attempted to shift the focus away from its own conduct.[2]  Land Rover's most recent accusations are unfounded and, in any event, do not change the fact that Plaintiff has presented evidence of a uniform defect causing tire wear on the Vehicles, which evidence (and the asserted claims) is particularly well-suited for class-wide treatment.  In sum, Plaintiff's Motion should be granted.

---

[1]Such an approach is unfortunate -- especially in a case where counsel have largely worked together in a cooperative and cordial fashion to date.

[2]By way of example only, Land Rover states that Plaintiff is "ostensibly trying to expand the proposed class to anyone who has ever alleged their tires did not last as long as they wanted." (Sur-Reply, p. 2.)  As Land Rover is well aware, however, Plaintiff seeks no expansion of the class and Land Rover's rhetoric, which permeates the entirety of its Sur-Reply, is simply calculated to deflect the attention from the overwhelming amount of evidence that supports class certification.

CASE NO. 8:07-cv-0627-AG-RNB          **PLAINTIFF'S MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES IN RESPONSE TO DEFENDANT'S**
                                      **SUR-REPLY IN OPPOSITION TO MOTION FOR**
                                      **CLASS CERTIFICATION**                    -2-

1

### III.   ARGUMENT

2

### A.   Wozniak Has Not Presented Contradictory Testimony And His Conclusions Are Sound

3

4

In a misguided, but carefully calculated, effort to discredit Wozniak, Land

5

Rover falsely accuses him of presenting contradictory testimony hoping, of course,

6

that this accusation will somehow taint Plaintiff's Motion.  A simple review of the

7

relevant testimony, however, demonstrates that the accusation is demonstrably

8

wrong.  First, Land Rover argues that Wozniak testified at his deposition that there

9

is no causal relationship between toe misalignment and heel toe or alternating tread

10

block wear.  In making this argument, however, Land Rover fails to provide the

11

Court with the complete record on this issue, which includes the following

12

testimony:

13

      Q.    Right.  And alternating tread block wear is not associated with the toe out condition, correct?

14

15

      A.    **It can be associated with toe out or a combination of alignment problems.**

16

(Declaration of Martin Price at Ex. B, pgs. 135-136 (emphasis added).)  Having

17

asked a question of Wozniak and not liking his response, Land Rover elected not to

18

follow up regarding Wozniak's testimony and purposefully chose not to ask him

19

questions which would expand on, or clarify, his testimony.[3]  The fact that Land

20

21

    [3]Land Rover's desire to discredit Wozniak (to confuse the certification issue)

22

rather than actually address in a substantive manner the issues raised by Wozniak

23

is evident by Land Rover's own actions -- or more precisely, inaction.  As set forth more fully in Plaintiff's Memorandum of Points and Authorities in Opposition to

24

Defendant's *Ex Parte* Application to File Sur-Reply, after being afforded the

25

opportunity to depose Wozniak on these very issues in the state court action (*Colon v. Land Rover North America, Inc.*, Case No. 1 06-CV-075163, Superior Court of

26

California, Santa Clara County ("*Colon* Action")), Land Rover ***chose not to depose***

27

***Wozniak***.  In addition, with respect to the Motion for Judgment on the Pleadings, Land Rover fails to disclose that the motion was only directed at one count of the

28

complaint in the *Colon* Action and the Motion was merely granted so that plaintiff

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANT'S SUR-REPLY IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

-3-

Rover is unwilling to confront Wozniak's actual testimony and opinions is not surprising in light of, as is clear from the evidence presented in connection with Plaintiff's Motion, Land Rover's unwillingness to acknowledge its own conduct and actions in connection with the uniform defect plaguing the Vehicles.

Having misrepresented Wozniak's testimony in the first instance, Land Rover compounds its attempted subterfuge by misrepresenting his Declaration. Specifically, Land Rover asserts that Wozniak is now opining to a causal relationship between rear-toe misalignment and heel-toe wear and that such an opinion would be contrary to his deposition testimony. As set forth above, however, such an opinion is not contrary to his prior testimony. More importantly, in the context of rebutting the Daws and Sherrey Declarations, the Wozniak Rebuttal Declaration simply does not set forth any such opinion. Rather, as is clear from the Declaration, Wozniak is simply rebutting the statements by Land Rover's expert and Sherrey that heel-toe wear cannot be caused by out of alignment conditions. *See* Paragraph 4 of Wozniak Rebuttal Declaration (disagreeing with Daws' conclusion that heel-toe wear cannot be caused by out of alignment conditions); Paragraph 5 (disagreeing with Sherrey's conclusion that there is no relationship between heel-toe wear and alignment issues); and Paragraph 10 (Land Rover itself has specifically acknowledged in its own internal documents that heel-toe wear can be accelerated by alignment issues).

In sum, as explained fully, and in detail, in the accompanying Declaration of Robert Wozniak dated June 4, 2008 ("Wozniak Declaration"), none of Wozniak's statements in his Rebuttal Declaration were inconsistent with prior testimony or constituted "new" evidence. Moreover, as also explained in the Wozniak Declaration, the opinions that Wozniak expressed in his Rebuttal Declaration are

could clarify allegations regarding the pleading of injury in fact.

CASE NO. 8:07-cv-0627-AG-RNB        **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANT'S SUR-REPLY IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION**       -4-

completely consistent with Land Rover's own internal analysis -- about which Daws is apparently ill-informed or unaware, because he chose not to review the Land Rover documents upon which Wozniak relied in reaching his conclusions.

As also explained in Wozniak's accompanying Declaration, Daws' other criticisms of Wozniak's observations and methodologies are simply unpersuasive because they again are based on a lack of familiarity with Land Rover's own documents and the realities of the alignment geometry defect at issue in this case. As Wozniak explains in his accompanying Declaration, if Daws had reviewed Land Rover's own service bulletins and internal documents, he would have concluded that the opinions he offered in this litigation, in an effort to discredit Wozniak, were incorrect and not supportable. That appears to be the likely reason why Daws has never been provided with an opportunity to review his own client's documents -- even though they are specifically identified as having been relied upon by Wozniak in prior Declarations. Thus, contrary to Land Rover's arguments, Wozniak's Rebuttal Declaration neither offers new nor contradictory testimony. Moreover, notwithstanding Land Rover's "high" rhetoric, neither Land Rover's Sur-Reply nor the Second Daws Declaration provides any basis to deny class certification in the face of the overwhelming evidence presented in this case.

**B.    The Existence Of A Uniform Vehicle Defect Makes Plaintiff's Claims Particularly Well Suited For Certification**

Land Rover next argues, unpersuasively, that Plaintiff's claims are not certifiable. As it has throughout its briefing, Land Rover continues to maintain that no case involving tire wear can ever be certified even where, as here, the allegation (which is supported by substantial evidence) is that a uniform vehicle defect caused the wear. In seeking to support this untenable position, Land Rover continues to

1   rely on cases that are inapposite and facially distinguishable.[4]

2     Land Rover's continued reliance on *Frosini v. Bridgestone Firestone North*

3   *American Tire, LLC*, 2007 WL 2781656 (C.D.Cal. August 24, 2007), actually

4   demonstrates that Plaintiff's claims are well-suited for certification.  In *Frosini*,

5   plaintiffs sought certification of a class of vehicle owners covering more than thirty

6   (30) different models of differing types of vehicles in connection with allegedly

7   defective tires that were produced in three (3) different facilities over a six (6) year

8   period.  There was no allegation of a uniform, common defect (or proof thereof) --

9   much less a uniform program created by the defendant in an effort to address the

10  defect, while seeking to shift the cost of its liability to consumers.  Here, in stark

11  contrast, the alignment geometry of the Vehicles was identical in all material

12  respects, the Vehicles came factory equipped with the same tires and Land Rover

13  has identified and acknowledged a common defect that causes uneven and

14  premature tire wear on the Vehicles.

15    Similarly unavailing is Land Rover's reliance on *American Suzuki Motor*

16  *Corp. v. Superior Ct.*, 37 Cal.App.4th 1291, 1294 (1995)*,* which is arguably no

17  longer good law.  Recently, in *Isip v. Mercedes-Benz USA, LLC,* 65 Cal.Rptr.3d

18  695 (2007), the Court of Appeal reviewed *American Suzuki* and held that it does

19  not correctly define the parameters of the implied warranty of merchantability.  In

20  *Isip*, the trial court had rejected the defendant manufacturer's request to instruct the

21  jury that a vehicle is unfit for its ordinary use "only if the vehicle manifests a

22  defect that is so basic that it renders the vehicle unfit for its ordinary purpose of

23

24  ―――――――――――

25    [4]Land Rover appears to have abandoned its reliance on a number of cases

26  upon which it previously relied for this purported proposition.  This is not
    surprising as the cases upon which Land Rover relied were readily distinguishable.

27  As set forth herein, the cases upon which Land Rover still appears to rely on are,
    likewise, distinguishable and do not militate against certification of Plaintiff's

28  claims here.

CASE NO. 8:07-cv-0627-AG-RNB    PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN RESPONSE TO DEFENDANT'S
SUR-REPLY IN OPPOSITION TO MOTION FOR
CLASS CERTIFICATION    -6-

1   providing transportation."  Instead, the trial court presented plaintiff's proposed

2   instruction that a vehicle is fit for its ordinary use if it is "in safe condition and

3   substantially free of defects."  In holding that the trial court's instruction was

4   appropriate, the Court of Appeal rejected the constrained interpretation of the

5   implied warranty: "Defining the warranty in terms of a vehicle that is 'in safe

6   condition and substantially free of defects' is consistent with the notion that the

7   vehicle is fit for the ordinary purpose for which a vehicle is used."  *Id*. at 699-700.[5]

8       Land Rover's reliance on *Bishop v. Saab Automobile A.B.*, 1996 WL

9   33140020 (C.D.Cal. Feb. 16, 1996) and *Feinstein v. Firestone Tire & Rubber Co*.,

10  535 F.Supp. 595 (S.D.N.Y. 1982), is also misplaced.  In *Bishop*, unlike here, the

11  plaintiffs asserted claims in strict tort liability and negligence, which, by the nature

12  of the elements of those claims, gave rise to certain individual issues which are not

13  present in this case.  In *Feinstein*, there was no allegation that a uniform defect was

14  causing the premature wear and, as such, it has no application to this case.[6]

15      Having relied on cases that clearly are inapposite, Land Rover next suggests

16  that Plaintiff, by way of his Motion, is somehow seeking unprecedented relief.  The

17  irony of Land Rover's argument is that it continues to refuse to attempt to

18  distinguish (because it cannot) the certification of a class in *Samuel-Bassett v. Kia

19  Motors America, Inc.*, 212 F.R.D. 271, 282 (E.D.PA. 2002), *vacated on other

20  grounds*, 357 F.3d 392 (3[d] Cir. 2004), which also involved a uniform vehicle

21  defect.  In *Samuel-Bassett*, the Court rejected the very arguments made by Land

22

23

24      [5]As the Court in *Hicks v. Kauffman*, 89 Cal. App. 4th 908, 922 (2001)

25  explained, *American Suzuki* does not, as Land Rover suggests, stand for the

26  proposition that an alleged defect must manifest before a class claim may be
    asserted or certified.

27

28      [6]*See also In re Bridgestone/Firestone, Inc.*, 155 F.Supp.2d 1069, 1100 (S.D.
    Ind. 2001)(rejecting reasoning employed in *Feinstein*).

Rover here and concluded that, *inter alia*, individual driving habits did not

preclude certification:

> In this case, while the defendant has strenuously argued that this case does not satisfy Rule 23(b)(3) because the merits of each individual car owner's complaints must be evaluated along with their individual driving habits and conditions, we nevertheless find from the evidence amassed thus far that the questions common to the class clearly predominate over those which only affect certain individual owners. ***To be sure, there is but one model at issue in this case, manufactured at Kia's Korea plant.... While Defendant is no doubt correct that each vehicle was driven differently by different drivers in different locations and that the vehicles manifested varying symptoms such as pulsating, grinding, vibration, and failure to stop, there is nonetheless more than sufficient indicia that a vast number of those Sephias manufactured and sold between 1995 and 2001 experienced some or all of the above symptoms and were subject to the wear-out of their brake pads and rotors before reaching the 5,000 mile mark regardless of who was driving them or where or how they were being driven***.
>
> *    *    *
>
> We thus conclude that the questions of whether the Sephia possesses the brake system defect alleged and whether Defendant lacks the means to repair the defect or replace the defective brake system such as to render it liable for beach of express and implied warranties ... do predominate over those issues unique to individual claims.

(*Id*. at 282.)(Emphasis added and footnote omitted.)  Although Land Rover clearly

would like this Court to ignore the significant evidence presented regarding the

existence of a uniform Vehicle defect giving rise to the premature wear and Land

Rover's callous decision not to fix it, Land Rover's attempt to recast Plaintiff's

claims should not be accepted.[7]

---

[7]In determining whether a named plaintiff's claims are typical of the claims of the class, a court does not focus on the personal characteristics of the representative plaintiff or his individual circumstances, but rather the typicality of the proposed representative's claims as they relate to the defendant's conduct and activities. *Lockheed Martin Corp. v. Superior Court*, 29 Cal. 4th 1096, 1104 (2003); *Jones v. Shalala*, 64 F.3d 510, 514 (9th Cir. 1995) (explaining that the "test of typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought"); *Negrete v. Allianz Life Ins. Co of N. Am.*, 238 F.R.D. 482, 488 (C.D.Cal. 2006) (finding plaintiffs' claims typical of the claims given that they were based on the same

## C.  The Court Has Not Been Misled Regarding The Import Of Certain Land Rover Documents

In its continuing effort to run from its own internal documents, Land Rover next contends that two documents (LRUK 144194-144204 and 144244-144250) were somehow presented in a misleading manner.[8]  With respect to the first document, it is not surprising that Land Rover seeks to draw attention away from the document itself, as its contents (as explained in previous briefing and the accompanying Wozniak Declaration) flatly contradict certain conclusions reached by Defendant's expert by specifically reflecting the following internal findings regarding tire wear: (a) "Suspension geometry, toe and camber, can accelerate the onset of *heel and toe* and subsequent facet *wear*"; (b) "Results obtained so far demonstrate that the toe by generating more slip and the camber by reducing locally the pressure are encouraging *uneven wear of the tread blocks*"; and (c) "The assumption is that more toe out and negative camber increase the propensity to *cup*."  (Mauriello Decl. filed with Plaintiff's Reply Brief, at Ex. 2 (emphasis added).)  In any event, Land Rover's fundamental complaint with respect to the first document is that, when presented to Mr. Sherrey at deposition, it was missing the first page.  Land Rover's expressed agitation over this omission is, at best, curious because the missing page indicates that Mr. Sherrey is the "originator" and "editor" of the document -- a fact that is devastating to Land Rover.  Far from being nefarious, as the first page actually further supports Plaintiff's position, the omission of the first page was the result of a copying error, which likely resulted from the fact that the document was produced on or about April 15, 2008,

---

alleged course of conduct even though there existed variations in the degree of injury allegedly suffered by each class member).

[8]Tellingly, Land Rover cannot even make a facial attack on the multitude of other documents that Plaintiff has submitted in connection with demonstrating the uniformity of the defect and Land Rover's conduct regarding the same.

1  approximately one (1) week in advance of Mr. Sherrey's deposition, was among

2  approximately 69,000 documents produced on that date and was among

3  approximately 180,000 documents produced by Land Rover in the three (3) weeks

4  preceding Mr. Sherrey's deposition.  (*See* Declaration of James C. Shah, ¶¶ 2-6.)

5  Thus, nothing about the manner in which the document was presented to the witness

6  impacts (1) the import of the document or (2) the inferences that can be drawn from

7  the document.

8          Similarly unavailing is Land Rover's objection to the presentation of the

9  second document.  Although Land Rover points to an arguably corrective email

10  regarding whether or not the Vehicles were being released out-of-alignment, it does

11  not change the fact that (1) a geometry/alignment issue was acknowledged to have

12  existed at the time the Vehicles were launched; (2) Land Rover acknowledged past

13  problems with the same issue; and (3) the correction at issue is unpersuasive in light

14  of the fact that Land Rover repeatedly changed the alignment specifications for the

15  Vehicles subsequent to the date of these emails in an effort to address premature

16  and uneven tire wear in the field.

## IV.   CONCLUSION

18          For the reasons stated above, the Court should grant Plaintiff's Motion for

19  Class Certification.

20                                                 LAW  OFFICES OF THOMAS D.
                                                   MAURIELLO
21

22  Dated:  June 4, 2008                    By:   /s/ Thomas D. Mauriello
23                                                 Thomas D. Mauriello (SBN 144811)
                                                   209 Avenida Fabricante, Suite 125
24                                                 San Clemente, CA 92672
                                                   Telephone: (949) 542-3555
25                                                 Facsimile: (949) 606-9690
                                                   tomm@maurlaw.com
26

27

28

1

2

3

4

5

Mark F. Anderson (SBN 44787)
Matthew Da Vega (SBN 195443)
KEMNITZER, ANDERSON,
BARRON, OGILVIE, & BREWER
LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Facsimile: (415) 861-3151

6

7

8

9

10

James E. Miller
Karen M. Leser Grenon (SBN231189)
SHEPHERD FINKELMAN
MILLER & SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120

11

12

13

14

James C. Shah
Nathan C. Zipperian
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883

15

16

**Attorneys for Plaintiff
and the Proposed Class**

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN RESPONSE TO DEFENDANT'S
SUR-REPLY IN OPPOSITION TO MOTION FOR
CLASS CERTIFICATION**

-11-